NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALVERN C. WEED,**
*Petitioner*

**v.**

**SOCIAL SECURITY ADMINISTRATION,**
*Respondent*

---

2024-2006

---

Petition for review of the Merit Systems Protection Board in No. DE-1221-09-0320-C-2.

---

Decided:  July 22, 2026

---

ALVERN WEED, Kalispell, MT, argued for petitioner. Also represented by BRYAN CHARLES TIPP, Tipp Coburn Lockwood, PC, Missoula, MT.

ISABELLE AUBRUN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE; PATRICK WAYNE CARLSON, Office of the General Counsel, Social Security Administration, Baltimore, MD.

---

Before LOURIE, PROST, and STARK, *Circuit Judges*.

PROST, *Circuit Judge*.

Alvern Weed petitions for review of the final decision of the Merit Systems Protection Board (the "Board") affirming the dismissal of Mr. Weed's petition for enforcement of a 2016 damages award issued by the Board ("2016 Damages Order"). *Weed v. SSA*, No. DE-1221-09-0320-C-2, 2024 WL 1854887 (M.S.P.B. Apr. 26, 2024) ("*Board Decision*"). The Board concluded that dismissal was required because Mr. Weed had received the full scope of relief provided in the 2016 Damages Order—namely, "lost wages and benefits from September 5, 2006, to October 17, 2012"—thus mooting his petition for enforcement. *Id.* at *4–5.

Before this court, Mr. Weed argues that his petition is not moot because enforcement of the Board's 2016 Damages Order allegedly resulted in the reduction of a prior Equal Employment Opportunity Commission ("EEOC") backpay award set at a higher rate, which spanned from July 2007 to August 2011. *See, e.g.*, Pet'r's Br. 7, 17–18. Mr. Weed asks this court to modify the 2016 Damages Order to incorporate the 2007 start date and higher rate set by the EEOC but to keep the extended 2012 end date set by the Board. *Id.* at 17–19; Oral Arg. at 2:56–3:36 (Mr. Weed confirming this request and acknowledging a lack of authority supporting such a proposition).[1]

At base, Mr. Weed misapprehends the nature of his petition for enforcement and the limits of our jurisdiction in reviewing the Board's dismissal of the same. Where, as here, the petitioner has "received all of the relief that he could have received if the matter had been adjudicated and

---

[1]    No. 24-2006, https://www.cafc.uscourts.gov/oral-arguments/24-2006_07072026.mp3.

he had prevailed," the petition for review will "be deemed moot." *Holleman v. MSPB*, 629 F. App'x 942, 946 (Fed. Cir. 2015) (nonprecedential) (cleaned up); *see also Carson v. Dep't of Energy*, 398 F.3d 1369, 1376 (Fed. Cir. 2005) (Petitioners "cannot use successive enforcement petitions to expand the scope of relief afforded by the Board's final decision."). The Board, Social Security Administration ("SSA"), and *Mr. Weed himself* acknowledge that the SSA has fully complied with the 2016 Damages Order. *Board Decision*, 2024 WL 1854887, at *4–5; Resp't's Br. 11–13; Pet'r's Br. 14 (recognizing that, "in light of the full Board having specified retroactive appointment to the September 2006 position by its [2016 Damages Order], [the administrative judge] was duty-bound to find the SSA to be in compliance with said order"); Oral Arg. at 10:03–26 (Mr. Weed admitting that he received the back pay ordered by the Board). Given that Mr. Weed has received all the relief his petition for enforcement could have provided, the Board did not err in dismissing the petition as moot.

**AFFIRMED**